UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KARI SCHWEIZER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:25-cv-00188-GFVT |
| | ) | |
| V. | ) | |
| | ) | **OPINION** |
| ROWLEY LIVING TRUST, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on the Plaintiff's Motion to Amend the Complaint and Remand the action to Whitley Circuit Court. [R. 20.] The Plaintiff seeks to add two additional defendants to this action and asserts that the joinder of these defendants will result in non-diversity of citizenship amongst the parties, thus warranting remand. *Id.* The Defendant opposes this request as to one of the defendants, asserting that the Plaintiff seeks to join the additional defendant for the purpose of destroying diversity jurisdiction. [R. 21.] Thus, the Defendant asks the Court to deny the Plaintiff's motions. *Id.* For the following reasons, the Court will **GRANT** in part and **DENY** in part the Plaintiff's Motion to Amend the Complaint and **DENY** the Plaintiff's Motion to Remand the action to state court. **[R. 20.]**

**I**

This action arises out of a slip and fall which occurred in January of 2025 at a Dollar General Store in Williamsburg, Kentucky. [R. 1-1 at 5.] Plaintiff Kari Schweizer alleges that she tripped and fell over uneven pavement in the parking lot of the Dollar General, resulting in physical and mental injuries. *Id.* at 5-6. Ms. Schweizer initiated this action on September 29,

2025, in Whitley Circuit Court against Rowley Living Trust, the listed owner of the Dollar General in Williamsburg.  [R. 1-1 at 4.]  Ms. Schweizer alleges that the Defendant negligently maintained their premises, leading to her injuries.  *Id.*

On October 27, 2025, the Defendant removed the action to this Court, invoking its diversity jurisdiction under 28 U.S.C. § 1332.  [R. 1.]  On December 2, 2025, the Court entered a Scheduling Order commencing discovery.  [R. 6.]  Throughout the course of discovery, Ms. Schweizer became aware that Elite Seal, LLC completed concrete repairs at the Dollar General Store in question approximately eight months prior to Ms. Schweizer's fall.  [R. 20-1 at 2.]  Ms. Schweizer also learned that Dollar General Partners leased the subject retail space.  *Id.* at 1-2.  In light of these developments, Ms. Schweizer now seeks to amend her Complaint to include both Elite Seal and Dollar General Partners as Defendants.  [R. 20.]

Ms. Schweizer is a citizen of Kentucky, Rowley Living Trust is a citizen of California, and Dollar General Partners is a citizen of Tennessee.  [R. 20-4 at 1-2.]  However, like Ms. Schweizer, Elite Seal is a citizen of Kentucky.  *Id.* at 2.  Because Elite Seal and Ms. Schweizer are non-diverse, Ms. Schweizer moves this Court to remand the action to Whitley Circuit Court.  [R. 20.]  In its Response, Rowley does not oppose the joinder of Dollar General Partners as a Defendant, but it does oppose the addition of Elite Seal.  [R. 21 at 2.]  Rowley contends that Ms. Schweizer seeks to join Elite Seal for the purpose of destroying diversity jurisdiction, and accordingly, asks the Court to deny the Motion to Amend the Complaint and the accompanying Motion to Remand.  *Id.*  Ms. Schweizer did not file a Reply, and the time for her to do so has now passed.  *See* L.R. 7.1(c).  As such, this matter is fully briefed and ripe for review.

2

**II**

**A**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if a party does not seek the amendment within the of-right period, the Court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the underlying party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'n Shake, Inc*., 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

However, when a case is removed based on diversity, and an amendment would divest the court of that jurisdiction, Congress has left the decision to the discretion of the courts. 28 U.S.C. § 1447(e). Though the Sixth Circuit has yet to address the issue directly, district courts within this Circuit review four factors in determining whether to grant leave in these circumstances: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *Cooper v. Thames Healthcare Group, LLC*, No. 13–cv–14–GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (quoting *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13–CV–362–KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014)).

Before turning to the application of these factors, the Court takes note of the absence of the factor exclusively discussed by Defendant Rowley. In its Response, Rowley does not

3

address any of the Section 1447(e) factors, but instead, relies exclusively on a fraudulent joinder analysis.  [*See* R. 21.]   Though they are related, the Section 1447(e) factors and the fraudulent joinder analysis "differ significantly," and typically cannot be substituted for each other. *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n*, No. 08–475–C, 2009 WL 700056, at \*2 (W.D. Ky. Mar. 13, 2009); *Walters v. Lowe's Home Imp. Warehouse of Georgetown,* No. 5:10–cv–302–JMH, 2011 WL 3319717, at \*1 (E.D. Ky. Aug. 1, 2011).

"Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming 'non-diverse nominal or irrelevant parties' in order *to avoid removal*. . .In contrast, Section 1447(e) enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties *after removal.  Bridgepointe Condominiums, Inc.,* 2009 WL 700056 at \*2 (citing *City of Cleveland,* 571 F.Supp.2d at 824 n. 27)) (emphasis added); *see also Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir.1999) ("The fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed.") (emphasis in original).

The difference is that in the fraudulent joinder context, the non-diverse party has already been named as a defendant, and the Court may disregard that defendant's citizenship for jurisdictional purposes, if fraudulent joinder is found.  *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  By contrast, in the Section 1447(e) context, the non-diverse party has not yet been joined, so the question is not whether the Court should ignore its citizenship for jurisdictional purposes, but whether the Court should permit the party to be joined at all.

Although courts in this district seem to be in agreement that the fraudulent joinder analysis and the Section 1447(e) analysis are not the *same*, the Sixth Circuit has not spoken on the issue, and no court has suggested that notions of fraudulent joinder have no place in the

Section 1447(e) analysis.[1]  In the fraudulent joinder context, the Sixth Circuit has instructed that the question "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).[2]  Perhaps by a different name to avoid conflation, this sentiment surely has a place in the Section 1447(e) analysis.

Consideration of whether the plaintiff has a colorable claim against the non-diverse party sought to be joined could illuminate nearly all of the Section 1447(e) factors.  Under the first factor, if a plaintiff seeks to add a non-diverse defendant against whom there is no reasonable basis for recovery, that could indicate that the plaintiff's motive is to destroy subject matter jurisdiction.  Under the third factor, the plaintiff would not be prejudiced by the Court's refusal to allow the addition of a defendant against whom the plaintiff could not recover either in state or federal court.  And finally, this analysis could fit under the fourth "catch-all" category which instructs the Court to consider any other equitable factors it sees fit.

Other circuits that have reached the issue tend to agree that, although perhaps not directly applicable, the fraudulent joinder analysis may be relevant, and even dispositive to, the Section 1447(e) analysis.  *See e.g Schur v. L.A. Weigh Loss Centers, Inc.*, 577 F.3d 752, 752 (7th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) ("[I]f the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse

---

[1] The absence of Sixth Circuit precedent on the issue is likely explained by Section 1447 barring appellate review, making remand orders unreviewable.  *See Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 638 (6th Cir. 2008).

[2] "Despite its name, fraudulent joinder does not require any showing of improper motive or fraud." *Cammack New Liberty, LLC v. Vizterra, LLC*, No. 3:09–15–DCR, 2009 WL 2043568, at *2 (E.D. Ky. July 13, 2009).

defendant."); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675,678 (5th Cir. 1999) ("Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing there is no colorable claim against the party the plaintiff is seeking to join.").

This makes sense because the Section 1447(e) analysis is highly flexible and discretionary, so the Court should be able to consider whether recovery is possible as to the defendant whose addition will destroy subject matter jurisdiction when determining whether to permit joinder. All this to say, Rowley has rightly raised the issue of whether Ms. Schweizer has a colorable claim against Elite Seal. In a most technical sense, "fraudulent joinder" is not the proper term for the analysis, but the Court will not get bogged down with semantics and will construe Rowley's fraudulent joinder argument as a Section 1447(e) argument, where possible. With that background in mind, the Court turns to the Section 1447(e) factors.

**B**

The first Section 1447(e) factor considers the purpose of the amendment and whether the plaintiff seeks to destroy the Court's jurisdiction. *Cooper*, 2014 WL 941925, at *2. This factor is "often of 'paramount importance' because the ultimate question is whether the primary purpose of the proposed joinder is to divest the federal forum of jurisdiction." *Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14–cv–183–DCR, 2014 WL 4956282, at *2 (E.D. Ky. Oct. 2, 2014) (quoting *Bridgepointe*, 2009 WL 700056, at *2). While a plaintiff's motive is irrelevant to the fraudulent joinder analysis, it is the first and primary Section 1447(e) factor. *Cooper*, 2014 WL 941925, at *2.

Here, Ms. Schweizer filed the Motion to Amend and the Motion to Remand in the same pleading. [R. 20.] Courts sitting in diversity often find the concurrent filing of a motion to

6

amend and a motion to remand implies motive to destroy diversity jurisdiction. In *Cooper*, for example, the plaintiff knew the identity of the nursing home's administrator from the outset of litigation yet did not seek to add the administrator as a defendant until after removal. *See Cooper*, 2014 WL 941925, at *3 ("Cooper's Estate was aware of Gidron and her position at the time of the filing of the original complaint in state court."). Concurrently with the motion to amend, the plaintiff moved to remand. *Id.* at *4. On these facts, the Court inferred the plaintiff intended to destroy diversity jurisdiction. *Id.* at *4.

Although Ms. Schweizer similarly filed her motion to amend and motion to remand in the same pleading, the facts of this case are distinguishable. Unlike the plaintiff in *Cooper*, there is no indication that Ms. Schweizer was aware of the non-diverse party at the time she filed her Complaint in state court. Instead, it appears that Ms. Schweizer first learned of Elite Seal's existence through discovery and then promptly moved for their addition to this action. [R. 20-1 at 1-2.]; *Cf. Davis v. Owners Ins Co.*, 29 F.Supp.3d 938, 943 (E.D. Ky. 2014) (finding that the purpose of the amendment was to defeat federal jurisdiction where no discovery had occurred prior to the amendment). As such, this fact is neutral as to the first factor.

As noted above, Rowley contends that Ms. Schweizer's motive can be ascertained from the fact that she does not have a colorable claim against Elite Seal. Here, Ms. Schweizer alleges in her Proposed Amended Complaint that the Defendants, including Elite Seal, were negligent in maintaining the parking lot where Ms. Schweizer's injuries occurred. [R. 20-4 at 3.] Under Kentucky law, a person is liable for negligence when there is "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) injury to the plaintiff; and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012).

Specifically, Ms. Schweizer alleges that all of the Defendants—Rowley, Dollar General Partners, and Elite Seal—owed a duty to exercise reasonable care for her safety, breached that duty, and as a direct and proximate result of this alleged breach, she has suffered physical and mental injuries.  [R. 20-4 at 3-4.]  Defendant Rowley contends that Elite Seal owed no duty to Ms. Schweizer because it was not the possessor of the parking lot in question, nor was it in control of the parking lot during the time of Ms. Schweizer's alleged fall.  [R. 21 at 3-4.]

Under Kentucky law, the general rule is that "a possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them."  *Grubb v. Smith*, 523 S.W.3d 409, 422 (Ky. 2017) (quoting *Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013)).  Although the Kentucky Supreme Court has held that "possessor" is not strictly synonymous with "owner" in this context, "the possessor of premises for premises-liability purposes is that person (or entity) in occupation of the premises (or entitled to immediate occupation with the intent to control them.").  *Grubb*, 523 S.W.3d at 422.  Thus, Rowley is not entirely correct that Kentucky state law governing premises liability requires both possession and control over the property as a predicate to liability.  [R. 21 at 3.]  However, Rowley correctly notes that some level of control is necessary to confer premises liability on an agent of the owner of the premises. *See Grubb*, 523 S.W.3d at 422-23.

Under Kentucky state law, "[i]t is firmly established. . .that an agent of a corporation is personally liable for a tort committed by him although he was acting for the corporation." *Peters v. Frey*, 429 S.W.2d 847, 849 (Ky. 1968).  However, an agent's liability to a third party is contingent upon a duty owed to the third party, which is independent from the agent's duty to the principal.  *Grubbs*, 523 S.W.3d at 423 (quoting Restatement (Third) of Agency § 7.02).  In the premises liability context, this duty may be present where an "owner or possessor of land turns

8

over the entire charge of the land" to "an independent contractor," which then confers liability on the contractor as though he were the possessor of the land. *Grubbs*, 523 S.W.3d at 423 (quoting Restatement (Second) of Torts § 387).

Importantly, to be subject to liability to third parties, the contractor must have taken "entire charge" of the land, and merely undertaking specific repairs from time to time is not enough to confer liability on a contractor. *Id.* One such example is illustrated in *Bradford v. Lexington-Fayette Urban Cnty. Gov't.* No. 2004-CA-536-MR, 2005 WL 327177, at *1 (Ky. App. Feb. 11, 2005). There, a parking garage was owned by the governmental entity, but a corporation was contracted to manage, operate, repair, and promote the parking garage. *Id.* In determining whether the corporation owed a duty to patrons using the parking garage, the Kentucky Court of Appeals held that the corporation "had such control and supervision over the premises as to have the legal duties of a possessor of property," and notably, that control was provided for in a management agreement. *Id.* at 4.

Here, by contrast, Elite Seal did not take "entire charge" of the parking lot where Ms. Schweizer incurred her injuries by virtue of conducting a single documented repair eight months prior to her fall, nor was there any agreement for Elite Seal's continuing maintenance of the parking lot. Kentucky premises liability precedent "imposes duties on those who own or occupy land because they are best situated to provide protections to those coming onto the premises." *Brooks v. Seaton Place Homeowners Ass'n, Inc.*, 522 S.W.3d 871, 875 (Ky. App. 2017) (citing *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 299 (Ky. 2015)). In the absence of ownership, occupation, or control of the premises, Elite Seal owed Ms. Schweizer no duty and thus cannot be liable for her injuries.

Although Ms. Schweizer timely moved to amend her complaint upon discovering the facts that warranted the amendment, the other three Section 1447(e) factors weigh against permitting the amendment. Having asserted a claim against a non-diverse party with no reasonable basis for recovery, it seems likely that the purpose of the amendment was to destroy this Court's subject matter jurisdiction. Perhaps there is a more innocuous explanation, but in the absence of a Reply from Ms. Schweizer, the Court is forced to draw its inferences. Additionally, Ms. Schweizer contends that she will be prejudiced because Elite Seal could "certainly be apportioned fault under the facts of this matter." [R. 20-1 at 5.] As explained above, however, Ms. Schweizer does not have a path to recovery against Elite Seal, and thus, cannot suffer any prejudice as a result of this Court prohibiting her addition of Elite Seal as a defendant in this action. Ms. Schweizer has the same opportunity for recovery in this action whether Elite Seal is joined as a defendant or not.

And finally, the Court must consider "any other equitable factors" that either weigh in favor or against permitting the amendment. Under this factor, Courts often take into consideration the Defendant's "substantial interest in proceeding in a federal forum." *Cooper*, 2014 WL 941925, at *5 (quoting *Bridgepointe*, 2009 WL 700056, at *2). After all, "'[d]iversity jurisdiction was designed originally to protect out-of-state defendant from local prejudice in state courts.'" *Premium Fin. Grp.*, 2014 WL 112308, at *4 (quoting *Winningham v. N. Am. Res. Corp.*, 809 F. Supp. 546, 550 (S.D. Ohio 1992)). Here, the Defendant is a California citizen facing suit in Kentucky state courts by a Kentucky resident. Thus, as the Defendant's interest in a neutral forum is significant in this case, the final factor weighs in favor of denying the motion to amend and refusing joinder of the non-diverse party.

## III

On balance, the factors in this case weigh against permitting joinder of Elite Seal, LLC under Section 1447(e).  However, facing no opposition from the Defendant, Ms. Schweizer may amend her Complaint to include Dollar General Partners as a Defendant in this action. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Plaintiff's Motion to Amend the Complaint **[R. 20]** is **GRANTED** in part, to the extent she seeks to add Dollar General Partners as a Defendant, and **DENIED** in part, to the extent she seeks to add Elite Seal, LLC as a Defendant;

2.  The Plaintiff's Motion to Remand **[R. 20]** is **DENIED**; and

3.  The Plaintiff **SHALL** tender an Amended Complaint in accordance with this Order within **fourteen (14) days** from the entry of this Order.

This the 19th day of May, 2026.

Gregory F. Van Tatenhove
United States District Judge

11